UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NON TYPICAL, INC., and
THE HANOVER INSURANCE COMPANY,

    Plaintiffs,

v.                                                           Case No. 10-C-1058

TRANSGLOBAL LOGISTICS GROUP INC.,
SCHNEIDER LOGISTICS INTERNATIONAL,
INC., HARTFORD ACCIDENT AND
INDEMNITY COMPANY, and HARTFORD
FIRE INSURANCE COMPANY,

    Defendants.

---

HANOVER INSURANCE COMPANY and
CITIZENS INSURANCE COMPANY OF
AMERICA,

    Plaintiffs,

v.                                                           Case No. 11-C-0156

TRANSGLOBAL LOGISTICS GROUP INC.
SCHNEIDER LOGISTICS INTERNATIONAL,
INC., HARTFORD ACCIDENT AND
INDEMNITY COMPANY, and HARTFORD
FIRE INSURANCE COMPANY,

    Defendants.

**ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

      Before me now is a Motion for Partial Judgment on the Pleadings filed by Schneider

Logistics International, Inc. (Schneider) to dismiss the negligence claims asserted by the Plaintiffs

in the above-entitled consolidated cases. For the reasons discussed herein, Schneider's motion will be granted.

**BACKGROUND**

This case concerns a loss resulting from the theft in Illinois of a truckload of digital cameras which was in the process of being transported from China for delivery to the Plaintiff, Non Typical, Inc. (Non Typical), in De Pere, Wisconsin. The cameras were under control of a motor carrier, Transglobal Logistics Group Inc. (Transglobal) at the time of the theft. Schneider's role, as explained by the Amended Complaints in this action, was limited to assisting Non Typical to arrange for transportation of the cameras. Schneider did not serve as either a carrier or freight forwarder; it served as a "broker."[1]

Non Typical filed its action in this Court in November 2010. Its Complaint alleged several causes of action against Transglobal, but just one (for negligence) against Schneider. (ECF No. 1.) Schneider moved to dismiss the negligence claim because it failed to state a claim upon which relief could be granted. (ECF No. 7.) Instead of contesting the Motion to Dismiss, Non Typical filed an Amended Complaint which alleged additional claims against Schneider, including breach of contract, breach of implied covenant of good faith and fair dealing, and promissory estoppel. (ECF No. 12.) Schneider moved to dismiss all of the causes of action against it in the Amended Complaint. (ECF No. 13.) The Court decided Schneider's Motion to Dismiss on May 11, 2011.

---

[1] Schneider's status in the transaction was discussed in the Court's decision on Schneider's Motion to Dismiss. The Court decided that the pleadings did not allege a claim under the Carmack Amendment, 49 U.S.C. § 14706, because Schneider is not alleged to have provided actual transportation of property. (ECF No. 27 at 4.) In this transaction, Schneider was a "broker" because it did not transport the cameras.

It dismissed Non Typical's claims against Schneider for breach of the duty of good faith and fair dealing and promissory estoppel, but denied the Motion to Dismiss with respect to the contract and negligence claims. (ECF No. 27.)

In the meantime, Non Typical's insurers, Hanover Insurance Company (Hanover), and Citizens Insurance Company of American (Citizens), filed an action to assert their subrogated interests arising out of payments they made to Non Typical for theft of the cameras in the United States District Court for the Southern District of New York. (ECF No. 1, Case No. 11-CV-00156.) On February 9, 2011, the case was transferred to this Court and later consolidated with the Non Typical case pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 16.) Schneider then moved to dismiss the claims by Hanover and Citizens for the same reasons it moved to dismiss Non Typical's claims. (ECF No. 23.)

Based on the Court's decision on Schneider's Motion to Dismiss Non Typical's claims, Hanover and Citizens agreed to amend its Complaint to allege only contract and negligence claims against Schneider. In return, Schneider withdrew its Motion to Dismiss. (ECF Nos. 29 and 30.) On July 29, 2011, Hanover and Citizens filed a Second Amended Complaint which added Hartford Accident and Indemnity Company and Hartford Fire Insurance Company (collectively, Hartford) as Defendants. The only claims asserted against Schneider are for breach of contract and negligence. (ECF No. 55.) Non Typical followed shortly thereafter with its own Second Amended Complaint to add Hartford as a Defendant. Consistent with the Court's decision on Schneider's Motion to Dismiss, Non Typical's Second Amended Complaint asserts only breach of contract and negligence claims against Schneider. (ECF No. 58.)

3

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the pleadings have closed. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A motion under Rule 12(c) is reviewed under the same standard employed when reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Id.* (citing *Pisciotta v. Old Nat'l. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)). A motion for judgment on the pleadings will not be granted where there are unresolved issues of material fact. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

## DISCUSSION

**1. Preemption**

Schneider first contends the Federal Aviation Administration Authorization Act of 1994 (FAAA) preempts the negligence claims against it. The FAAA includes the following provision for federal preemption of state laws that attempt to regulate transportation by motor carriers:

> [A] State . . . may not enact or enforce a law, regulation or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1). One purpose for federal preemption under the regulatory scheme was to eliminate non-uniform state regulation of motor carriers which had caused significant inefficiencies, increased costs, reduced competition, inhibited innovation and technology, and limited the expansion of markets. *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 368 (2008). Courts have

4

honored the intent of Congress and have determined that the language "related to" in the FAAA should be interpreted broadly.

The Seventh Circuit has interpreted this scheme to mean a state law is preempted if that law expressly references airlines rates, routes, or services or has a significant economic impact upon them. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 (7th Cir. 1996). State common law counts as an "other provision having the force and effect of law." *See American Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n.8 (1995); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 388 (1992); *see also Medtronic, Inc. v. Lohr*, 518 U.S. 470, 502–03 (1996) (plurality opinion), *id.* at 503–05 (Breyer, J., concurring), *id.* at 509–12 (O'Connor, J., concurring in part and dissenting in part) (characterizing tort remedies as regulatory provisions for purposes of preemption clauses in another statute).

While Plaintiffs argue for a narrow reading of preemption in this field, particularly against brokers, courts in this Circuit have broadly interpreted preemption under the ADA and the FAAA. *See, e.g.*, *Williams v. Midwest Airlines, Inc.*, 321 F. Supp. 2d 993, 995–96 (E.D. Wis. 2004) (holding that a passenger's tort claims arising out of an airline's refusal to board him were preempted); *see also Travel All Over the World, Inc.*, 73 F.3d at n.8 (noting punitive damages are preempted because they represent "an enlargement or enhancement [of the bargain] based on state laws or policies external to the agreement" (citations omitted)). Other district courts outside this Circuit have responded similarly. *See, e.g.*, *Yellow Transportation, Inc. v. DM Transportation Management Services, Inc.*, No. Civ. A. 2:06-CV-1517-LDD, 2006 WL 2871745 (E.D. Pa. July 14, 2006) (holding that claims of misrepresentation, unjust enrichment, quantum meruit, and fraud by an interstate motor carrier against a freight broker were preempted by 49 U.S.C. § 14501(c)(1));

5

*Kashala v. Mobility Servs., Int'l, LLC*, No. 07-CV-40107-TSH, 2009 WL 2144289 (D. Mass. May 12, 2009) (dismissing a negligence claim against a transportation broker for loss and damages to personal property because the claims against the broker were preempted by the FAAA); *Huntington Operating Corp. v. Sybonney Express*, No. H-08-781, 2010 WL 1930087 (S.D. Tex. May 11, 2010) (holding that 49 U.S.C. § 14501 broadly preempted and thus dismissing negligence claims against the broker).

Given this precedent and the history of a broad interpretation of federal preemption, I agree with Schneider that the negligence claim is preempted by the FAAA. Relevant precedent indicates tort claims (such as negligence) can be preempted even though state tort law does not directly reference rates, routes, or services. And because the statute expressly lists brokers, I see no reason to treat them differently from traditional carriers. This finding is further consistent with the amount at stake in the case. Non Typical maintains Schneider's potential liability is in excess of a million dollars. Schneider thus alleges that permitting negligence claims against it in its role as broker would "plainly have an economic effect on the rates it charges and how it provides its transportation brokerage services." (ECF No. 96 at 7.) *See, e.g.*, *S.C. Johnson & Son*, 2011 WL 4625655 at *4 ("enforcement of plaintiff's fraudulent misrepresentation claim would have a prescriptive effect, essentially regulating the practices of defendant carriers (as in *Wolens*) or would result in replacement of the parties' original bargain with something else (as in *Mesa Airlines*). In either case, enforcement of plaintiff's claim would relate to defendant carriers' prices, routes, or services."). I thus am convinced that the negligence claims against Schneider are preempted by the FAAA scheme.

## 2. Failure to State a Claim Under Wisconsin Law

Schneider alternatively moves to dismiss the negligence claim on the ground that Plaintiffs have failed to state a claim under Wisconsin law. Both of the Second Amended Complaints allege breach of contract claims against Schneider. Although the precise terms of the contract may be in dispute, it is undisputed that Non Typical and Schneider had an agreement for Schneider to serve as a broker to assist Non Typical in arranging for transportation of the cameras from China to Wisconsin. Non Typical and its insurers have alleged Schneider breached this contract by not exercising reasonable care in selecting Transglobal as one of the carriers for transportation of the cameras and by failing to verify that Transglobal had enough insurance to cover loss of the cameras. They also assert separate causes of action against Schneider for negligence.

Wisconsin does not recognize an inherent cause of action for every negligent performance of a contract. A tort action, such as a negligence claim, may only be asserted if there is a duty *independent* of the performance of the contract. Under this test, the existence of a contract is ignored when determining whether alleged misconduct is actionable in tort. *McDonald v. Century 21 Real Estate Corp.*, 132 Wis. 2d 1, 6 (Ct. App. 1986); *see also Dvorak v. Pluswood Wisconsin, Inc.*, 121 Wis.2d 218, 220, 358 N.W.2d 544, 545 (Ct. App. 1984). If a plaintiff cannot prove the existence of an independent duty, his remedy is limited to suing for breach of contract. *Madison Newspapers v. Pinkerton's Inc.*, 200 Wis. 2d 468, 475, 545 N.W.2d 843 (Ct. App. 1996).

The Second Amended Complaint contains no claims of negligence founded upon *independent* duties owed by Schneider. It alleges, in part, that Non Typical notified Schneider that the goods were high-value goods (ECF No. 58 ¶ 45) and that Schneider breached its obligation to inform Transglobal that the high-value cameras were to be properly secured at all times during

7

transport and storage. (*Id.* ¶ 52.) According to Plaintiffs, this duty is an independent one because it reaches beyond the confines of the contract and focuses on the failed duties of Schneider with respect to communications between the parties and the standard of care in the transportation industry. (ECF No. 93 at 10.) But Schneider would not have had any reason to communicate with either Non Typical or Transglobal if it did not have a contract with Non Typical. Schneider's obligation to communicate with them in a particular way, if any, was part of its contractual obligation to Non Typical, not part of a duty to Non Typical separate and apart from the contract. Plaintiffs further attempt to argue that the issue is premature, as the precise terms of the contract may be in dispute, but whether or not this is true it has no bearing on whether Schneider had an independent duty giving rise to a tort action. Non Typical's further argument that Schneider's motion is precluded by the law of the case is rejected as well. The issue was not clearly presented on the previous motion, and it is clear from the Court's decision that its treatment of the issue was not intended as final. Schneider's motion for judgment on the pleadings is thus also granted on this ground.

## CONCLUSION

In sum, the negligence claims against Schneider are preempted by the FAAA. The negligence claims are alternatively dismissed for failing to state a claim under Wisconsin law. Schneider's motion for partial judgment on the pleadings (ECF No. 90) is accordingly GRANTED.

Dated this   24th   day of May, 2012.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge

8

Case 1:10-cv-01058-WCG   Filed 05/28/12   Page 8 of 8   Document 97